ROSENBAUM *v.* CAMPBELL *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed May 21, 1954.

GEORGE F. DUGGER, MURRELL SNELL, and E. M. JOHN-STON, all of Elizabethton, for appellant.

BANKS, STREET & BANKS, of Elizabethton, and NAT TIPTON, Assistant Attorney General, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This cause comes to us on an application by the appellant, Rosenbaum, for bail pending the disposition of his appeal from a judgment of the Chancery Court of Carter County, Tennessee.

This Court at its September Term, 1953, affirmed a judgment of the Circuit Court of Carter County, Tennessee convicting Rosenbaum of murder in the second degree and sentencing him to confinement in the prison pursuant to the terms of the statute. This affirmance was had without a consideration of the bill of exceptions in the case because of the failure of such bill of exceptions to disclose the date upon which it was approved by the trial judge. *Burkett* v. *Burkett,* 193 Tenn. 165, 245 S. W. (2d) 185. Shortly thereafter the appellant filed this suit in the Chancery Court of Carter County, seeking a new trial upon his criminal conviction upon the ground that he is deprived of a hearing in the appellate court through no fault of his own.

A demurrer was filed to this bill and sustained by the Chancellor and an appeal duly prayed and granted to

this Court where the record now stands. The matter though has not been reached on the docket. The present motion seeks to let Rosenbaum go free upon bail during the pendency of this Chancery appeal.

The power to admit to bail in a criminal case is set forth in Code Section 11658 and reads as follows:

"In the cases in which the defendant may be admitted to bail upon appeal or writ of error, as before provided, the order admitting him to bail may be made either by the court wherein the judgment was rendered, or the judge thereof, or by the supreme court."

The trial judge who tried the criminal case allowed the appellant bail in that case. His record was made up and appealed but, as heretofore indicated, it could not be considered and the judgment of the trial court was affirmed thus ending that lawsuit, that is, the criminal case. After this the bail which had been granted by the trial judge no longer had effect and the defendant was then taken into custody. The trial judge who had tried the case originally no longer had jurisdiction to grant the appellant bail because his case was then at an end. Under the Code Section above quoted this Court is not granted any authority to grant bail in a case of the kind now before us. If in the criminal case for some good reason bail had not been granted by the trial judge then an application could have been made to this Court under the Section above and this Court in its discretion could have allowed bail.

Of course the Legislature might have authorized any judge in the State to make an order allowing bail but they limited this authority to those as set forth in the Code Section above. The Legislature limited the power,

after conviction, to the judge who tried the case, or the court whose duty it would be to try him, to the trial judge or that court because he is familiar with the facts of the case and is in a condition to determine the amount of bail without difficulty, and to this Court, when necessary, because it will then be the most convenient tribunal, with the record before it, and the Attorney General of the State in attendance. So far as we know or have been able to learn by much research, there is no provision whereby the Chancery Court has the authority to permit bail in a criminal matter. A Chancery court certainly has no authority in this State to award bail after a final judgment of the State's highest court. It seems to us that the appellant would be no more entitled to bail now than he would be if he was in the penitentiary and was applying to the parole board or to the Governor pending his application before that body or the Chief Executive. There is no authority in the law as far as we know or can find wherein a prisoner has such a right. Why should his rights be any larger now?

The Chancellor in his opinion very aptly said:

"It cannot be said that a defendant may elect to appeal his case after a conviction and then by his own negligence or oversight cause an imperfection in his choice of appeals, and thereby profit from his own errors or mistakes by seeking a new trial or by causing delay in the execution of the sentence.

"To hold otherwise would create a situation where a bill of exceptions may be presented in an improper form or not fully prepared, and thereby permit the appellant to take advantage of his own oversight. If the contention of the complainant should be sustained, such a ruling would compel trial judges,

attorneys general, and clerks and other State authorities, to assume the obligation, to see to it that the defendant's papers were all in proper order, and place upon the authorities above referred to, the responsibility of perfecting an appeal.''

We fully adopt the above statement of the Chancellor as a general proposition without any intimation that the appellant did so or might do so in the instant case. In this case this Court must adopt a policy in the execution of which it can hardly undertake to discriminate between the various applicants.

The appellant has been convicted of a felony. This being true he is not entitled to bail as a matter of right. *Hicks* v. *State*, 179 Tenn. 601, 168 S. W. (2d) 781. In other words, his constitutional right to bail is lost after conviction.

For the reasons stated the application for bail must be denied.