Willard RAMEY and Harold Ramey,
Petitioners,

v.

Lake F. RUSSELL, Warden, Respondent.

Civ. A. No. 2375.

United States District Court
E. D. Tennessee,
Northeastern Division.

May 12, 1969.

Jimmy Gray Cutshaw, Greeneville, Tenn., for petitioner Willard Ramey.

Ben K. Wexler, Greeneville, Tenn., for petitioner Harold Ramey.

George F. McCanless, Atty. Gen. of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Alleging that they are in the custody of the respondent warden in the Tennessee state penitentiary pursuant to the judgment of the Criminal Court for Greene County, Tennessee, 28 U.S.C. § 2241(d), on a charge of escaping jail, T.C.A. § 39–3807, the petitioners claim that they are in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241(c) (3). According to the averments of their petition, the Messrs. Ramey claim:

That they were granted on March 24, 1969, a delayed appeal from the aforementioned judgment of conviction by the aforenamed court but denied enlargement on bail bond pending the appeal to the Court of Criminal Appeals of Tennessee; that on April 14, 1969 they applied to the latter court for such enlargement, but were advised through their counsel by a judge thereof two days afterward that their application could not be considered until the next term of that appellate court in Knoxville, Tennessee, at which time such application would be placed on the docket of that court for a hearing; that they are being denied due process and the equal protection of Tennessee law by being held in custody while being deprived of enlargement on bail bond for a bailable offense; and that they have exhausted all their remedies under Tennessee law.

This Court has no authority to grant an application for the federal writ of

habeas corpus on behalf of persons in custody pursuant to the judgment of a state court on the ground that they are in custody in violation of the Constitution of the United States " * * * unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Applicants are not to be " * * * deemed to have exhausted the remedies available in the courts of the State * * * ", within the meaning of the foregoing section, if they have the right under the law of the state " * * * to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is assumed that the petitioners were incarcerated at the time they allegedly escaped jail, but it is not shown by this petition whether the applicants were admitted to bail following their arrest or indictment on the charge of escaping jail. If they had been admitted to bail following their arrest or indictment, " * * * such bail bond, security or cash deposit shall continue to be valid and binding pending any appellate review, and no additional or new bail shall be required unless ordered by the court wherein the judgment of conviction was rendered, or the judge thereof, or by the Court of Criminal Appeals or by the Supreme Court. Provided further that nothing in this section shall prevent any of the above courts from reducing or increasing the amount of bail required pending appellate review. * * * " T.C.A. § 40–1204, as amended effective March 4, 1968.

If they had not been enlarged on bail following such arrest or indictment, " * * * [a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident or the presumption great. * * * " Constitution of Tennessee, art. I, § 15; T.C.A. § 40–1201. " * * * In the cases in which the defendant may be ad-

mitted to bail upon appeal * * * in the nature of a writ of error, as before provided, the order admitting him to bail may be made either by the court wherein the judgment was rendered, or the judge thereof, by the Court of Criminal Appeals, or by the Supreme Court. * * " T.C.A. § 40–1204, as amended, *supra.*

Before the enactment of the aforementioned 1968 amendment, it was uniformly held that following a conviction of a felony, such convict is not entitled to bail as a matter of right, Hicks v. State (1943), 179 Tenn. 601, 168 S.W.2d 781, 782[1]; Butt v. State (1914), 131 Tenn. 415, 420, 175 S.W. 529; in other words, that the constitutional right to bail was lost after such conviction, Goins v. State (1950), 192 Tenn. 32, 35(1), 237 S.W.2d 8–10; Rosenbaum v. Campbell (1953), 196 Tenn. 555, 559(3), 268 S.W.2d 580, in which the Tennessee Supreme Court observed that " * * * the Legislature might have authorized any judge in the State to make an order allowing bail but they [had] limited this authority * * * " at that time to the court or judge thereof wherein the judgment was rendered or by the Tennessee Supreme Court. Code § 11658, ibid., 196 Tenn. at 557[1], 268 S.W.2d 580. It was suggested in the latter opinion that the matter of admission to bail had been entrusted to those two tribunals, because the trial judge was familiar with the facts of the case and is in position to determine the amount of bail without difficulty, and the Tennessee Supreme Court would be the most convenient tribunal with the record before it and the Attorney General of the State in attendance. Ibid., 196 Tenn. at 557–558[1], 268 S.W.2d 580.

In each of those cases, however, at the time application for enlargement on bail was made, " * * * the petitioner's term of imprisonment *under a final* judgment [emphasis supplied] had begun * * * ", State ex rel. Brown v. Newell (1965), 216 Tenn. 284, 290[5], 391 S.W.2d 667, 670, citing each of the aforecited decisions. In Newell, *supra,* the applicant had been enlarged on bail

bond for a period of nearly two years while he was appealing a judgment and defending himself against other charges, and the declination of bail bond was after the conviction of the applicant had been affirmed by the Tennessee Supreme Court, and he had sought relief on appeal from a lower court's denial of his application for the state writ of habeas corpus.

■ It must now be assumed that the General Assembly of Tennessee has adjusted the procedural benefits to convicted defendants in a manner allowing those enlarged on bail bond before trial to remain at large on that bond (the principal amount of which can be increased or reduced pending appellate review) until a final judgment is rendered, that the courts of Tennessee will modify their holding that the state constitutional right to bail is lost after a conviction. Whether this is an efficient prediction, the "* * * prohibition in the Eighth Amendment against requiring excessive bail must now be regarded as applying to the States, under the Fourteenth Amendment. * * *" Pilkinton v. Circuit Court of Howell County, Missouri, C.A. 8th (1963), 324 F.2d 45, 46[1]. The provision in the Eighth Amendment to the federal Constitution, that bail shall not be excessive, does not demand that every criminal defendant is entitled to enlargement on bail bond. Wagner v. United States, C.A.9th (1957), 250 F.2d 804, 805[3]. But, "* * * [b]ail is basic to our system of law. * * * Doubts whether it should be granted or denied should always be resolved in favor of the defendant. * * *" Herzog v. United States (1955), 75 S.Ct. 349, 99 L.Ed. 1299, 1301 (headnote 3).

"* * * As to the offenses * * for which a state has provided a right of bail it may not, any more than as to other substantive or procedural benefits under its criminal law system, engage in such administration as arbitrarily or discriminatorily to effect denial or deprivation of the right to a particular accused. * * *" Mastrian v. Hedman, C.A.8th (1964), 326 F.2d 708, 711[4],

certiorari denied (1964), 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982. "* * The power to grant bail is attended by the duty to *hear* applications therefor. * * *" (Emphasis supplied.) United States v. Motlow, before the late Mr. Justice Butler, sitting as circuit justice in C.C.A.7th (1926), 10 F.2d 657, 659 [2].

The petitioners aver that they were delayed, through the fault of the state-provided court reporter and not their own, for 30 days in perfecting their appeal, and that they have now served some seven months of the sentences on the charge which pends appellate review. They contend that they may be required to serve all or the greater part of their sentences on this charge if relegated to their remedies under Tennessee law.

■ The Court notices judicially that, although the Court of Criminal Appeals of Tennessee may sit by proper order at places without references to terms, for the purpose of hearing and deciding cases and other matters before it, and for such period of time as may, in the judgment of the court, be necessary or required for the *prompt* and orderly dispatch of the business before the court at the time, the only regular term of that court at Knoxville is the first Monday in June. T.C.A. § 16–447. "* * * Detention pending the writ [of error] is only for the purpose of securing the attendance of the convicted person after the determination of his proceedings in error. If this can or will be done by requiring bail, there is no excuse for refusing or denying such relief. * * *" Opinion of the late Mr. Justice Lurton, of Tennessee, as a circuit judge in McKnight v. United States, C.C.A.6th (1902), 113 F. 451, 453[2], quoted in United States v. Motlow, *supra*, 10 F.2d at 660, which, in turn, was cited by Mr. Justice Douglas in Herzog v. United States, *supra*, 75 S.Ct. 349, 99 L.Ed. at 1301. Thus, it may reasonably be inferred that for a half-century the courts have favored enlarging convicted defendants on bail pending a legitimate appeal, unless there are compelling facts and

circumstances extant which require detention; and, the comparatively recent legislative action in Tennessee strongly implies enlargement is mandatory in this state for those who were bailed before trial.

What disturbs this Court immediately is that these imprisoned petitioners have not prosecuted a writ of habeas corpus to inquire into their unbailed detention before final appellate adjudication, T.C.A. § 23–1801, to a Tennessee judge of a circuit or criminal court or a chancellor in case of equitable recognizance, T.C.A. § 23–1803, most convenient in point of distance to the applicants, T.C.A. § 23–1805. Such judge has the duty to act on the petitioners' application *instanter*, T.C.A. § 23–1808. Fay v. Noia (1963), 372 U.S. 391, 401, 83 S.Ct. 822, 9 L.Ed.2d 837, 846 (headnote 6). It is not to be supposed that the courts of Tennessee will not proceed according to the statutes of Tennessee and according to due process of law. Until it has been demonstrated to this Court on the record that the courts of Tennessee have been appealed to and have further denied the petitioners the due process of law guaranteed them under the Fourteenth Amendment to the federal Constitution, this Court must decline to act. Although the trial judge and one appellate judge have declined to act heretofore herein, a decent regard for the dignity of state process dictates this course. *Cf.* Jones v. Dowd, C.C.A. 7th (1942), 128 F.2d 331, 333[7].

It may be, too, that if retained counsel for the petitioners appear before the Court of Criminal Appeals of Tennessee in Knoxville on the first Monday in June, next, unless relief has been obtained theretofore by means of the state writ of habeas corpus, as aforesaid, relief will there be accorded the petitioners. Because the petitioners have not exhausted the remedies available to them in the courts of Tennessee to obtain an adjudication of this question by the aforementioned procedure, 28 U.S.C. § 2254 (b), (c), this application hereby is

Denied. However, this is without prejudice to the petitioners' right to revive this Court's consideration of this matter by simple motion and additional pleading, if they have not obtained relief by midnight, June 6, 1969.

Upon any further consideration, this Court will require a showing as to the reasons assigned by the judge of the Criminal Court of Greene County, Tennessee, for denying the petitioners bail pending appellate review, as well as a showing of the further efforts, outcome, and underlying reasons for any further denials.