IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2006

**ROBERT DALLIS PAYNE V. RICKY J. BELL, WARDEN**

**Direct Appeal from the Criminal Court of Davidson County
No. 3706   Steve R. Dozier, Judge**

**M2006-00048-CCA-R3-HC - Filed September 22, 2006**

Petitioner Robert Dallis Payne was convicted by a Davidson County jury of first degree murder and received a sentence of life in prison. On December 2, 2005, petitioner filed a petition for a Writ of Habeas Corpus in the Criminal Court of Davidson County. On December 8, 2005 the trial court dismissed the petition without an evidentiary hearing. On appeal, petitioner contends that the trial court erred in failing to grant his petition for habeas corpus. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Criminal Court Affirmed**

J. S. DANIEL, Sr.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General, for appellee, State of Tennessee.

Douglas A. Trant, Knoxville, Tennessee, Attorney for the appellant, Robert Dallis Payne.

**OPINION**

**BACKGROUND**

In July 1988, while incarcerated for the murder of his mother, petitioner had a confrontation with Paul Steward, another inmate at the Turney Center. As a result of the ensuing fight, Payne killed Steward. The facts of that homicide are best summarized by the court in the direct appeal of State v. Payne, No. 01-C-019003CR00088, 1991WL 135005 (Tenn. Crim. App. July 24, 1991)( *perm. to app. denied* January 6, 1992):

On July 3, 1998, the defendant and his victim, Paul Steward, both inmates at

Turney Center, were involved in a fight which left Stewart dead.

The defendant had shared a room with the victim until a few days prior to the fight, at which time the victim's television ceased working. Other inmates teased the victim about the television in an effort to make the victim angry at the defendant for breaking the TV. On July 3, 1988, the victim met the defendant in the hall, and the victim hit the defendant. A fight ensued between the victim, who weighed 157 pounds, and the defendant, who weighed 208 pounds.

The defendant quickly overpowered the victim, forced him to the floor and strangled him. The defendant continued to hold the victim down for at least three minutes, during which time the victim had ceased his assault upon the defendant and only struggled to get free. When other inmates attempted to stop the defendant from further choking the victim, the defendant stated that he had to kill the victim. When the victim became still, the defendant slammed the victim's head on the floor and started to walk away. He returned and spit on the victim's face, cursing him. The victim was later pronounced dead, and the medical examiner determined the cause of death to be the aspiration of gastric contents as a result of manual strangulation.

The Petition for Writ of Habeas Corpus, filed on December 2, 2005, alleged that petitioner was being illegally restrained as a result of a void conviction for first degree murder by the Hickman County Criminal Court. In his petition, petitioner first contended that his conviction was void because new scientific evidence would show he suffered from post-traumatic stress disorder, and therefore, was incapable of formulating the necessary intent for first degree murder. This "new scientific evidence" surfaced through the efforts of his attorney in obtaining an evaluation and report from Dr. Michael Buckner, a clinical psychologist. Petitioner's second ground for relief is that newly discovered evidence, via the testimony of Dr. Jonathan Lipman, demonstrated that the victim was not properly receiving the antipsychotic drug, Merraril. As a result of inconsistent doses of said drug, the victim would become easily agitated. Petitioner claimed he could have used this testimony to support his claim that the victim had been the aggressor.

On appeal, petitioner maintains the trial court erred in dismissing the habeas corpus petition without an evidentiary hearing.

## ANALYSIS

The Petition for Writ of Habeas Corpus provides that any person in prison or restrained of their liberty may inquire into the reason for such imprisonment and restraint. Tenn. Code Ann. § 29-21-101. The purpose of the Writ is to obtain immediate relief from illegal confinement and to liberate those who may be confined without sufficient cause and deliver them from unlawful custody. State *ex rel* Brown v. Newell, 216 Tenn. 284; 391 S.W.2d 667 (1965). The primary purpose of the Writ of Habeas Corpus is to test the legality of the imprisonment or restraint of the

individual. State v. Warren, 740 S.W.2d 427 (Tenn. Crim. App. 1986).

Habeas corpus relief is proper if the petitioner demonstrates that the challenged judgment is void as opposed to merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). It is the petitioner's burden to establish by preponderance of the evidence that a judgment is void or the term of imprisonment has expired. State ex rel Kuntz v. Bomar, 214 Tenn. 500, 504; 381 S.W.2d 290, 291-92 (1994).

Tennessee Code Annotated section 29-21-107 sets forth the formal requirements of an application for a Petition for Writ of Habeas Corpus. They are as follows:

(a) Application for the writ shall be made by petition, signed by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107.

A initial review of Payne's petition reveals that he failed to attach a copy of the judgment he is now attacking. A Petition for Writ of Habeas Corpus may be dismissed when the formalities established by the statute have not been met. See Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004).

Although the petition fails to meet the technical statutory requirements, this Court will examine the merits of the claims contained in the petition. In the instant case, petitioner was

3

convicted of first degree murder. At that time, the two possible punishments were death or imprisonment for life. Tenn. Code Ann. § 39-13-202(b)(1989). Here, the petitioner was sentenced

to imprisonment for life. This sentence is a valid sentence under the Sentencing Act in place at the time petitioner was convicted and has not expired.

Because petitioner's sentence has not expired, the only remaining possible ground for relief is that the judgment is void as opposed to voidable. In order to prevail on such a claim, petitioner must prove by a preponderance of the evidence that the Hickman County Court lacked jurisdiction. Petitioner makes no such challenge. Instead, he is essentially claiming the judgment is voidable due to this new evidence. However, this new "scientific evidence" being advanced in support of his petition was available at the time of the conviction. Habeas corpus relief is not available for such a purpose.

Tennessee Code Annotated section 29-21-109 authorizes the trial court to dismiss such a petition without a hearing if the Petition for Habeas Corpus fails to demonstrate the judgment is void on its face. An evidentiary hearing is not warranted if evidence of a lack of jurisdiction does not appear on the face of the judgment or in the record of the underlying case. State v. Ritchie, 20 S.W.3d 624, 631-31 (Tenn. 2000).

We conclude the petition failed to establish on its face that the judgment was void. Petitioner's claims, even if true, would render the judgment voidable. Such grounds are not cognizable under a petition for writ of habeas corpus. Therefore, the trial court was within its authority in dismissing this petition without an evidentiary hearing. Accordingly, we affirm the judgment of the trial court.

_____
JOSEPH S. DANIEL, SENIOR JUDGE