IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 30, 2019 Session

**STATE OF TENNESSEE V. JERRY REGINALD BURKES**

**Appeal from the Criminal Court for Greene County**
**No. 14CR180     Alex E. Pearson, Judge**

_____

**No. E2018-01713-CCA-R3-CD**

_____

Jerry Reginald Burkes, Defendant, appeals from the order of the trial court that was entered after the case was remanded for resentencing. Following the resentencing hearing, the trial court denied Defendant's request to serve his sentence on community corrections and ordered Defendant to serve his eighteen-year sentence in incarceration. Defendant claims the trial court erred by not allowing him to introduce proof at the resentencing hearing concerning certain out-of-state convictions used by the trial court at the first sentencing hearing to establish that Defendant was a Range II offender. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Greg W. Eichelman, District Public Defender, and J. Todd Estep, Assistant District Public Defender, for the appellant, Jerry Reginald Burkes.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Ritchie Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

A jury convicted Defendant of one count of money laundering, one count of theft of property valued at $60,000 or more, and twelve counts of sales tax evasion. The trial

court sentenced Defendant as a Range II offender to an effective term of eighteen years to be served by five years of confinement with the balance on community corrections. The trial court also ordered Defendant to pay an $80,000 fine and $132,766.46 in restitution to be paid in installments of $500 per month following Defendant's release from confinement.

## First Direct Appeal

Defendant appealed his convictions and sentences. *State v. Jerry Reginald Burkes*, No. E2017-00079-CCA-R3-CD, 2018 WL 2194013, at \*6 (Tenn. Crim. App. May 14, 2018), *no perm. app. filed*. This court affirmed the judgments of conviction. *Id.* at \*1. Concerning his sentence, Defendant claimed that the trial court erred by imposing a Range II sentence because "the State had failed to establish beyond a reasonable doubt that the Connecticut conviction would have been a felony utilizing a 'factor-to-factor type comparison.'" *Id.* at \*17. This court undertook an in-depth analysis of Connecticut Code section 21a–277 and determined that the term "narcotic drug" in the Connecticut statute was "nearly identical to the definition of narcotic drug in our Code." *Id.* at \*20-23. This court concluded:

> Utilizing . . . [D]efendant's federal conviction for the distribution of cocaine, which would have been a Class C felony, and his Connecticut conviction for the sale of narcotics, which would also have been at least a Class C felony, the State was able to establish beyond a reasonable doubt that . . . [D]efendant was a Range II offender. Consequently, the trial court did not err by imposing a Range II sentence.

*Id.* at \*23. This court also determined that the trial court did not abuse its discretion in sentencing Defendant "to a total effective sentence length of 18 years." *Id.*

Defendant also claimed that the split confinement sentence imposed by the trial court was illegal. *Id.* at \*16, 24. This court first determined that "[t]he record establishes that . . . [D]efendant was eligible for a community corrections placement, and a period of incarceration coupled with community corrections placement is an appropriate combination of sentencing alternatives." *Id.* at \*26. However, "[b]ecause the five year term of confinement [imposed by the trial court] [wa]s not authorized," this court vacated the sentence and "remand[ed] the case for a new sentencing hearing." *Id.*; *see also State v. Adrian Patterson*, No. M2001-01991-CCA-R3-CD, 2002 WL 31154597, at \*2 (Tenn. Crim. App. Sept. 23, 2002) (a maximum period of one-year split confinement or shock incarceration may be imposed as a special condition of a community corrections sentence in the appropriate case), *no perm. app. filed*. This court also "vacate[d] the restitution order and remand[ed] the case for the trial court to impose restitution in a manner that

complies with Code section 40-35-304." *Jerry Reginald Burkes*, 2018 WL 2194013, at *1.

**Resentencing Hearing**

At the outset of the August 1, 2018, resentencing hearing, the trial court announced that it would not hear proof pertaining to the sentence range and denied Defendant's "Motion to Exclude Use of Connecticut Forms" that had been used by the court to initially establish that Defendant was a Range II offender.

Defendant proffered for the record copies of several Connecticut judgments and Connecticut statutes. Defendant also proffered a letter from his Connecticut attorney and a copy of a "Motion for Modification" of two judgments from the Superior Court of Connecticut in which Defendant was "sentenced to a definite term of more than three years" for sale of narcotics and possession of narcotics with intent to sell. The motion asked the Connecticut court to modify the sentence by "suspending execution of the *unexecuted portion of the jail sentence.*" The trial court admitted the proffered document as exhibits but held that the letter and motion were not relevant based on this court's direct appeal opinion.

Defendant, who was fifty-four years old at the time of the sentencing hearing, read from a typed statement. He stated that "[i]t would be in the best interest of the State" to allow him "the opportunity to remain out in the community." He claimed his behavior since arrest, home environment, emotional stability, current employment, marital stability, and family responsibility supported service of his sentence on community corrections. He said that, after his conviction, he had "found secure employment" with All Star roofing company where he worked as a project manager at military bases in Colorado and North Carolina.[1] He testified that he "bring[s] home $2,400.00 a week, $115,000.00 a year" and that, if he is allowed to serve his sentence in the community, he would be able to pay the restitution.

Defense counsel argued that Defendant could fully pay the amount of restitution over the term of the eighteen-year sentence in monthly installments of $614.66 but that, if he was required to serve thirty-five percent of his sentence, his ability to pay would be severely limited. Counsel introduced five documents obtained from www.tn.gov/revenue/news showing that defendants in other jurisdictions across Tennessee had been granted alternative sentences for crimes involving substantial amounts of restitution. These documents were also admitted as evidence.

---

[1] The trial court approved Defendant to travel outside of Tennessee during the pendency of his direct appeal.

- 3 -

After argument, the trial court continued the sentencing hearing until August 24. On August 14, Defendant filed a "Motion to Include Additional Defense Proof Not Available at Last Hearing." The additional proof consisted of twenty certified judgments from the Criminal Court of Greene County in which a defendant, who pled guilty to facilitation of forgery, facilitation of theft, and sales tax evasion, was sentenced to six years' probation and ordered to pay $35,000 as restitution and a newspaper article concerning a criminal case in Carter County in which a defendant was granted probation on a six-year sentence and ordered to pay $248,847.91 restitution to her former employer.

At the hearing on August 24, the trial court granted the State's objection to the "additional proof" submitted with the August 14 motion, finding that "you could go across this entire state, and there's no telling what kind of cases that we could come up with that might have unique or underlying factual issues or disputes or proof problems." The court also noted that the "additional proof" involved cases where the sentences were the result of a plea agreement, whereas Defendant was convicted by a jury.

In pronouncing the sentence, the trial court found that Defendant was not eligible for probation pursuant to Tennessee Code Annotated section 40-35-303 because his sentence was greater than ten years. The trial court then stated:

> And so then we look at the Community Corrections under . . . [Tennessee Code Annotated section] 40-36-302(b):
>
>> These options set out in this subsection may be used in conjunction with a period of shock incarceration or in conjunction with a period or time of probation and/or a time of split confinement or a periodic confinement as provided in Chapter 35 of this title,
>
> which was what the Court attempted to do last time.
>
> So if you look . . . at 40-36-302 and you look at 40-35-303, there's just not much I can do, [Defendant]. I mean, I -- I attempted to sentence you to something lesser previously . . . .
>
> Your case is an interesting case because I don't necessarily like the outcome of what I have to sentence you to. I've -- I attempted to sentence you to less, but that-- the court of appeals cut that off. [Of c]ourse, you may have thought that was too much, but you certainly have the right to think what you think. But I sentenced you at that point in time to a split

confinement sentence that I thought was appropriate given the consideration of your prior history and given . . . .

And perhaps it's true that you got too much of a sentence in your prior case. I certainly -- I don't know all the ins-and-outs of that case, but I certainly have seen several people involved in the illegal narcotics trade in this area . . . that did not get a sentence of that magnitude.

But the bottom line is, is that is the sentence you received, and they are convictions that I have to use for the purposes of enhancement, and those made you Range 2. And I already made a finding on that, and that's been up to the court of appeals, and the court of appeals affirmed my finding that you're Range 2.

And so given all those factors and considerations, [Defendant], I have no choice but to sentence you to 18 years to serve. I'm going to impose the same fine that I previously imposed.

. . . .

I mean, I presume you've had an opportunity to review that appeal, the decision of the court of appeals, and they say I can't give you split confinement of that length. And I've done about all I can do.

Based on the length of the incarceration, the trial court did not order Defendant to pay restitution.

Defendant now timely appeals.

## Analysis

On appeal, Defendant claims that the trial court abused its discretion by not allowing him to introduce evidence concerning the Connecticut convictions used by the trial court to enhance his sentence range in the initial sentencing hearing. Defendant claims that such proof would have enabled him to show that he was actually a Range I offender. Defendant also asks this court to adopt a rule requiring "certified copies of judgments from the court of conviction" for range determination. Finally, Defendant claims that his sentence "does not comport with the purposes and principles of the sentencing act and does not promote justice." The State argues that the trial court properly refused to revisit the offender classification on resentencing and, alternatively, that there was sufficient proof to establish Defendant was a Range II offender. The State

also claims that the trial court did not abuse its discretion in ordering Defendant to serve the within range sentence.

## *Range Classification*

This court's opinion on direct appeal affirmed Defendant's convictions, the trial court's determination that Defendant was a Range II offender, and the length of the sentence imposed by the trial court. *Jerry Reginald Burkes*, 2018 WL 2194013, at *1. The State argues that the "law of the case doctrine" precluded Defendant from relitigating offender classification. We agree with the State. Our supreme court described the doctrine as follows:

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

> The law of the case doctrine is n[either] a constitutional mandate nor a limitation on the power of a court. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts.

> Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if

- 6 -

allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Memphis Pub. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted). The doctrine is equally applicable to criminal cases and has been applied in a case where the conviction was affirmed, the sentence was vacated, and the case remanded for resentencing. *See State v. Jefferson*, 31 S.W.3d 558, 561-62 (Tenn. 2000).

We determine that none of the three exceptions to the doctrine listed above apply. The evidence offered at the sentencing hearing after remand was not substantially different from the evidence in the initial proceeding, the prior ruling finding Defendant a Range II offender was not clearly erroneous and does not lead to manifest injustice, and there has been no change in the sentencing law governing sentence range during the pendency of this case.

The trial court properly limited resentencing to the manner of service of the sentence and restitution. Defendant is not entitled to relief on this issue.

*Certified Copies of Judgments of Conviction*

Defendant asks this court to adopt the "*Taylor* Rule," which Defendant claims requires trial courts to enter certified copies of judgments of conviction from other jurisdictions to prove prior convictions. *See Taylor v. United States*, 495 U.S. 575 (1990). The State argues that *Taylor* does not require certified copies of judgments of conviction for range determination. We agree with the State.

In *Taylor*, the United States Supreme Court held "that an offense constitutes 'burglary' for purposes of [18 United States Code section] 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* at 602. The United States Supreme Court did not say or imply that certified copies of judgments of conviction are required for a trial court's range determination.

In Tennessee, reliable hearsay can be used for sentencing provided "the opposing party [is] afforded a fair opportunity to rebut any hearsay admitted in evidence" and provided there is "an indicia of reliability[.]" *State v. Taylor*, 744 S.W.2d 919, 921 (Tenn. Crim. App. 1987); *see also* Tenn. Code Ann. § 40-35-209(b). "This court has consistently held that the presentence report is reliable hearsay." *State v. Leon Booker*, No. M2014-00840-CCA-R3-CD, 2015 WL 395264, at *3 (Tenn. Crim. App. Jan. 30,

2015), *perm. app. denied* (Tenn. May 14, 2015). "[C]ertified copies of convictions are not necessary to prove a prior criminal history; thus, courts can rely upon the presentence report." *State v. Adams*, 45 S.W.3d 46, 59 (Tenn. Crim. App. 2000) (citing *State v. Richardson*, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993)).

Based on well-established precedent, we will not adopt a rule requiring certified copies of judgments of convictions for sentencing hearings. Defendant is not entitled to relief on this issue.

*Purposes and Principles of the Sentencing Act and Promotion of Justice*

Defendant claims that the sentence imposed in the resentencing hearing "does not comport with the purposes and principles of the sentencing act and does not promote justice." We will not address the sentencing range or the length of the sentence, both of which were affirmed by this court on direct appeal. *See Jerry Reginald Burkes*, 2018 WL 2194013, at *3. We will address the trial court's denial of a community corrections sentence and imposition of a sentence of confinement.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). The supreme court expanded its holding in *Bise* to trial courts' decisions regarding alternative sentencing, holding "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2018); *Bise*, 380 S.W.3d at 706. However, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401 (2018), Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In recognition of the limited resources of the state prisons, "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society[,] and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]" Tenn. Code Ann. § 40-35-102(5) (2018).

Tennessee Code Annotated section 40-35-103(1) states that the trial court may order confinement when:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2018).

In determining the proper sentence, the trial court *must* consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* Tenn. Code Ann. § 40-35-210(b) (2018); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court should also consider the potential or lack of potential for rehabilitation or treatment of a defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103(5) (2018).

At the time of resentencing, the trial court could: (1) sentence Defendant to eighteen years' continuous confinement in the Department of Correction pursuant to Tennessee Code Annotated section 40-35-104(c)(8); (2) place Defendant on community corrections for eighteen years pursuant to Tennessee Code Annotated section 40-35-104(c)(9); or (3) sentence Defendant to serve up to one year of his sentence in continuous confinement (shock incarceration) in the local jail or workhouse pursuant to Tennessee

Code Annotated section 40-36-302(b) followed by placement in community corrections for the balance of the sentence.

In determining the manner of service following remand from this court, the trial court was not limited to the evidence introduced at the resentencing hearing. The trial court could also consider the evidence received at the trial and at the initial sentencing hearing, including the presentence report. The initial sentencing hearing occurred on July 29, 2016, and the transcript of that hearing was included in the appellate record in the initial direct appeal and was referenced by this court in its opinion. *See Jerry Reginald Burkes*, 2018 WL 2194013, at *1. We take judicial notice of the record of Defendant's direct appeal. *State ex rel. Brown v. Newell*, 391 S.W.2d 667, 669 (1965).

Concerning the trial court's original sentencing decision, this court in its direct appeal opinion stated:

When considering the appropriate manner of service of [D]efendant's sentence, the trial court found that "the deterrence factor is one primary consideration" and that "efforts have been attempted to rehabilitate [Defendant], and they've not been successful because he was on probation and then he commits serious felonies again." The court concluded that these factors as well as the need to avoid "depreciating the seriousness of the offense" justified a period of confinement. The trial court stated:

Now, consider whether that should be all incarceration or whether I should consider some type of alternative split sentence because as I've already stated, I don't think that putting you on community corrections, at least, initially—I do think that would depreciate the seriousness of the offense and would not sufficiently serve as a deterrent factor to you and others.

The trial court also expressed an opinion that a sentence of full incarceration was not appropriate in this case. Ultimately, the court sentenced the defendant to "eighteen years, split confinement, five years. The rest will be on community corrections."

*Jerry Reginald Burkes*, 2018 WL 2194013, at *15.

The trial court determined in the first sentencing hearing that placement of Defendant on community corrections for the entire eighteen-year sentence was not appropriate based on three factors: deterrence, failed efforts at rehabilitation, and not depreciating the seriousness of the offenses. The same factors support the trial court's decision to sentence Defendant to eighteen years' continuous confinement in the Department of Correction rather than up to one year shock incarceration followed by community corrections placement. Although it may have been clearer if the trial court had made new findings at resentencing concerning the factors it was utilizing to impose continuous confinement in the Department of Correction, the failure to do so does not mean that the trial court failed to make its sentencing decision based upon the purposes and principles of sentencing. The trial court's sentencing decision is entitled to the presumption of reasonableness. *Bise*, 380 S.W.3d at 707. Defendant has failed to prove "that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case'" *Shaffer*, 45 S.W.3d at 555 (quoting *Moore*, 6 S.W.3d at 242), and has therefore failed to overcome the presumption of reasonableness.

### *Restitution*

Tennessee Code Annotated section 40-35-304(a) allows a trial court, in its discretion, to order restitution as a condition of probation. "The terms of a community corrections sentence" can also include a provision requiring payment of restitution. *State v. Blake Austin Weaver*, No. E2016-01774-CCA-R3-CD, 2017 WL 2103182, at *1 (Tenn. Crim. App. May 15, 2017). The length of incarceration is a factor the court can use in establishing restitution. The trial court did not abuse it discretion in not requiring Defendant to pay restitution.

### **Conclusion**

The sentence imposed by the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 11 -