PATRICK FORD, JR., V. STATE OF NEBRASKA.

FILED NOVEMBER 7, 1894. NO. 7091.

1. **Bail:** CONSTITUTIONAL PROVISION. The provision of section 9,
   article 1, of the constitution, that "all persons shall be bailable
   by sufficient sureties," etc., adds nothing to the law of the sub-
   ject, but is merely the declaration of an existing right.

2. ———: ———. The above provision has reference to bail as un-
   derstood at common law, and in accordance with the practice
   before the adoption of the constitution.

3. **Bail Pending Review in Supreme Court.** The right to
   give bail pending proceedings by petition in error in this court,
   after conviction for a felony, is not absolute, but rests in the dis-
   cretion of the court.

4. ———. Bail will be allowed in this court upon a showing of
   probable error calling for a reversal of the judgment.

APPLICATION to supreme court by plaintiff in error to
be released on bail pending proceedings to review a judg-
ment of the district court for Douglas county, whereby he

was sentenced for having committed the crime of larceny as bailee.  *Application allowed.*

*Mahoney, Minahan & Smyth* and *Reese & Gilkeson,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

Post, J.

This is an application by Patrick Ford, Jr., to be admitted to bail pending proceedings in error to review a judgment of the district court for Douglas county, whereby the petitioner was convicted of the crime of larceny as bailee.  The practice has long prevailed in this court to admit to bail in like cases upon a showing of probable error.  The application is, however, in this instance, resisted by the state, not because of the absence of sufficient showing of error in the record, but on the broad ground that no authority has been conferred upon the courts of this state to admit to bail persons convicted of felonies pending proceedings in error.  That contention is based upon the provision contained in section 505 of the Criminal Code, viz.: " Whenever a person shall be convicted of a felony, and judgment shall be suspended as aforesaid, it shall be the duty of the court to order the person so convicted into the custody of the sheriff, to be imprisoned until the case in error is disposed of."  The meaning of that provision is too obvious to be aided by construction, the only question being whether it is in conflict with the fundamental law of the state.  It might be supposed that so important a question, and one so frequently arising in the administration of the criminal laws, has been definitely settled by the courts of this country, but a reference to the cases discloses a wide diversity of opinion on the subject.  The constitutional provisions of the several states, so far as they relate to the subject here involved, may be divided into two classes.  In one class, which includes Iowa, Maine, Michigan, Minne-

sota, Mississippi, South Carolina, Wisconsin, and perhaps others, the provision is that all persons before conviction shall be entitled to bail, etc., while in the other class, including this state, we find the provision, in substance, that all persons shall be bailable by sufficient sureties. It is evident that constructions of the provision first named will not materially assist in the solution of the question before us, hence our examination will be confined in the main to cases arising under constitutions similar to ours.

In *State v. Ward*, 2 Hawks [N. Car.], 443, (decided in 1832), it was held, no reference being made to the authorities in this country or England, that the provision in question was not applicable to prisoners after conviction, and that no discretion was conferred upon the court or judge to admit to bail in such a case.

In *Re Langworth*, 7 La. Ann., 247, (decided in 1852), after a review of the cases bearing upon the subject, and a reference to the practice in the court of king's bench, it was held that the prisoner was entitled to bail as a matter of right, after conviction as well as before, and that it was not within the discretion of the court to deny it.

The question was before the supreme court of California in *Ex parte Voll*, 41 Cal., 29, and the conclusion announced without reference to authority (two justices expressing no opinion), that the right to bail, after conviction, was not absolute, but was a matter within the discretion of the court.

In *Ex parte Ezell*, 40 Tex., 451, the court, after a review of the authorities, rejected the doctrine of Langworth's case and followed *State v. Ward, supra,* holding the prisoner not entitled, under any circumstances, to bail after conviction, and the doctrine of that case was reasserted in *Ex parte Scwartz*, 2 Tex. App., 75.

In *Bennett v. People*, 94 Ill., 581, it was said that bail should be denied pending an appeal, unless clearly shown that there could be no conviction on a second trial, no reference being made to the provision of the constitution.

In *Hampton v. State*, 42 O. St., 401, it was said that the trial court may, in its discretion, allow bail after verdict and before sentence, but a doubt was expressed respecting the right after sentence, pending appeal.

The constitution of Mississippi, as we have seen, provides that all persons shall be entitled to bail before conviction. It was held, however, in *Ex parte Dyson*, 25 Miss., 356, that the right to give bail after sentence, pending an appeal to the supreme court, was not regulated by the constitution but governed by the rules and practice of the common law. A like view is expressed by Gilfillan, C. J., under the constitution of Minnesota, in *State v. Levy*, 24 Minn., 362.

In the supreme court of the United States, where it has not been made the subject of either constitutional or statutory enactment, the practice is regulated by rule, which provides, in substance, that upon the allowance of a writ of error in case of conviction of infamous crimes, the circuit or district court, or any justice or judge thereof, shall have power to admit the accused to bail in such amount as may be fixed. And in this connection we are reminded of a recent decision of the district court of the United States for the western district of Arkansas, *Ex parte Hudson*, not yet reported, which appears to sustain the contention of the state in this controversy. It seems that after conviction on the charge of assault with intent to kill, the petitioner procured the allowance of a writ of error for the purpose of securing a review of the judgment. At the same time Mr. Justice White of the supreme court made an order to the effect that the writ of error should operate as a supersedeas upon the giving of bond by the accused in the sum of $5,000, to be approved by the district judge; but the latter, it seems, declined to act upon the bond tendered, holding not only the order above mentioned, but the rule under which it was allowed, to be without jurisdiction and void, on the ground that authority had not been conferred upon

the supreme court to admit to bail pending proceedings by writ of error.

But turning from the decisions to the constitution, we are impressed with the thought that the use of the words therein, "all persons," instead of "all persons before conviction," was for a purpose and not accidental, since the one proposition then settled by forty years of judicial discussion was that the two provisions could not be interpreted to mean the same thing. Another thought suggested in this connection is that the constitutional guaranty is not the beginning of the law of the subject, but like kindred provisions is merely a declaration of existing rights. The use, therefore, of the term "bail," without words of limitation or qualification, would seem to imply bail as understood by the common law, or, more accurately speaking, in accordance with the practice before the adoption of the constitution. But in their reference to that practice the authorities are unfortunately not harmonious. For instance, it is intimated in *Langworth's Case, supra,* that the allowance of bail both before and after sentence was, at common law, within the discretion of the court, while in *Ex parte Ezell* the opposite conclusion is reached after a review of the authorities. This diversity of opinion may, it is believed, be accounted for from the fact that while it was customary for the king's bench to admit to bail after verdict and sentence, such practice was not, strictly speaking, in accordance with the course of the common law, since the writ of error was not allowed as matter of right to review judgments of conviction for felonies, but by the favor of the king or attorney general. (2 Hawkins, Pleas of the Crown, 654, 655; 1 Bac. Abr., 175; 2 Hale, Pleas of the Crown, 129; *Rex v. Mayor,* 2 Shower [Eng.], 96; *Rex v. Elwell,* 2 Strange [Eng.], 794; Hurd, Habeas Corpus, secs. 428–433.) Perhaps the practice in the supreme court of the United States affords the most satisfactory interpretation of the rule at common law, since, as we have seen,

the power of that court with respect to the subject is not defined either by statute or by the constitution. We must, therefore reject the doctrine of the cases which on the one hand deny the discretion of the court to admit to bail after sentence, and which on the other hand deny the discretion to refuse. The sound rule, as already intimated, is that of the common law, and which recognizes the power of the court to admit to bail, upon a showing of probable error which would call for a reversal of the judgment in all save the exceptional cases mentioned in the constitution. It follows that the provision of the Criminal Code above set out, in so far as it denies the discretion of this court to admit to bail in proper cases after sentence, is in conflict with the constitution of the state. It is conceded that the showing of error is in this instance sufficient under the rule here announced. The petitioner will therefore be permitted to give bail, conditioned according to law.

APPLICATION ALLOWED.