### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION.

## NASHVILLE, DECEMBER TERM, 1914.

### BUTT v. STATE.[*]

*(Nashville.   December Term, 1914).*

1. **BAIL. Criminal prosecution.  Right to release on bail.  Constitu-
tional provisions.  "Capital offense."**
   One convicted of first degree murder and sentenced to life im-
   prisonment on the jury finding mitigating circumstances is not,
   pending appeal, entitled as a matter of right to bail, under Const.,
   art. 1, sec. 15, providing that all prisoners shall be bailable,·
   unless for capital offenses, when the proof is evident or the
   presumption great, for the provision does not apply after con-
   viction, especially since the court on appeal . may disregard
   the finding of mitigating circumstances and order infliction
   of death penalty, so that there continues to be involved a
   "capital offense," within the constitution.   (*Post, pp.* 417-420.)

   *[*As to the right to release on bail pending appeal under a gen-
eral statute, see note in 37 L. R. A. (N. S.), 693.

Butt v. State.

Cases cited and approved:  Ex parte Ezell, 40 Tex., 451; Ex
   parte McAnally, 53 Ala., 495; Ex parte Dyson, 25 Miss., 356;
   Ex parte Voll, 41 Cal., 29; Hampton v. State, 42 Ohio, St., 401;
   In re Schriber, 19 Idaho, 531; Ex parte Heath, 227 Mo., 39;
   Ex parte Fortenberry, 53 Miss., 428.

Case cited and distinguished:  State v. Ward, 9 N. C., 443.

Code cited and construed:  Sec. 7105 (S.).

Constitution cited and construed:  Art. 1, sec. 15.

**2. Bail.  Criminal prosecutions.  Right to bail.**
Though the right of one convicted of murder in the first degree
   to bail, under Const., art. 1, sec. 15, is lost by the conviction,
   the common-law power of the court to admit to bail pending
   appeal remains, but the power will always be exercised with
   great caution.  (*Post, p.* 420.)

Case cited and approved:  Ford v. State, 42 Neb., 418.

---

FROM SUMNER.

---

Appeal from Circuit Court of Sumner County.—
W. B. Cook, Judge.

J. M. Anderson and F. M. Bass, for appellant.

William H. Swiggart, assistant attorney-general,
and Ed T. Seay, for the State.

Mr. Justice Williams delivered the opinion of the
Court.

Virgil Butt was convicted of murder in the first de-
gree in the circuit court of Sumner county, the jury
finding mitigating circumstances, and there was im-

---

Butt v. State.

---

posed on him a sentence of life imprisonment. On appeal to this court, and on a continuance of the cause to the next term of this court by consent of the prisoner, he has moved to be admitted to bail. The State resists.

The position taken by appellant in behalf of this application is: That the fact of the jury's finding of mitigating circumstances repels the idea that the proof is evident and the presumption great of his capital guilt; that he must be deemed to stand freed from capital punishment, and therefore to be entitled by force of the guaranty of the constitution to be admitted to bail.

By the declaration of rights, embodied in our constitution of 1870 (article 1, section 15), it is provided that all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumtion great.

This guaranty appeared in our first constitution of 1796, and the equivalent clause was in the constitution of our mother State, North Carolina.

A statute (Shannon's Code, section 7105) merely repeats the language of the constitution on the subject.

Is a prisoner after conviction of a felony entitled to the presumption claimed by appellant, or to demand as of right the constitutional privilege of bail?

In an early North Carolina case, *State* v. *Ward*, 2 Hawkins (9 N. C.), 443, it appeared that there had

131 Tenn. 27

been a conviction of the defendant for passing counterfeit money, and the court said:

"I think that the clause in the constitution which declares that all prisoners shall be bailable by sufficient securities, unless for capital offenses where the proof is evident or the presumption great, relates entirely to prisoners before conviction, for although the words, 'where the proof is evident or the presumption great,' relate to capital cases only—that is, to prisoners in capital cases—the meaning is evidently prisoners before conviction; for after conviction there is no such thing as proof and presumption."

It is to be observed that the North Carolina constitutional provision was construed as indicated at a very early date; and like holdings are found in the cases of *Ex parte Ezell,* 40 Tex., 451, 19 Am. Rep., 32; *Ex parte McAnally,* 53 Ala., 495, 25 Am. Rep., 646; *Ex parte Dyson,* 25 Miss., 356; *Ex parte Voll,* 41 Cal., 29; *Hampton* v. *State,* 42 Ohio St., 401; *In re Schriber,* 19 Idaho, 531, 114 Pac., 29, 37 L. R. A. (N. S.), 693.

Prior to conviction an accused, standing upon his plea of not guilty, is vouchsafed by the law the presumption of innocence; but after the plea is, by proof laid before a jury, found to be not true, "the law will not stultify itself by presuming him other than it has adjudged him to be."

Following conviction making punishment more probable, the temptation of the one convicted to flee the jurisdiction is increased; and, as has been observed, few convicts would be punished if they have

Butt v. State.

wealth or friends to secure, as a matter of right, a possible money commutation, through bail, of the law's own infamous punishment for their crimes. *Ex parte Voll,* supra.

A similar clause in the Missouri constitution was held inapplicable after conviction in the case of *Ex parte Heath,* 227 Mo., 393, 126 S. W., 1031, where the prisoner, convicted of murder and sentenced to imprisonment for life, applied to be admitted to bail pending his trial on appeal, upon the ground, relied upon in the case now being considered by us, that the assessment of punishment at a sentence for life effectually repelled, not only all weight of evident proof and great presumption of capital guilt, but established the fact that he was not guilty of a "capital" offense. It was, however, held by the supreme court of Missouri that a statute of that State, which provided for the denial of bail in such case did not infringe the constitution, and that it governed the application, which was denied. See, also, 3 R. C. L., 16.

Moreover, under the practice obtaining in this State, it is competent for the trial judge, or for this court on appeal, to disregard the finding of mitigating circumstances by the trial jury and to order the infliction of the death penalty. Hence there continues to be involved a "capital offense" within the meaning of the constitutional provision now under consideration. The mere fact that the functionary empowered to assess punishment may impose either life imprisonment or the death sentence does not make the

·offense any the less capital within the meaning of the law. *Ex parte McAnally,* supra; *Ex parte Fortenberry,* 53 Miss., 428.

While the right in the prisoner, so convicted, to demand bail under the constitutional guaranty is lost :after conviction, the common-law power in the court to admit to bail in its discretion yet exists; but it is ·one, in felony cases, especially of this grade, that is ·always to be exercised with great caution.  3 R. C. L., 15; *Ford* v. *State,* 42 Neb., 418, 60 N. W., 960.

There is not presented on this motion any ground that we think sufficient to support the application of appellant for bail.  Denied.