HICKS *v.* STATE.

(*Knoxville,* September Term, 1942.)

Opinion filed February 27, 1943.

E. B. Baker, of Chattanooga, for petitioner.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice McKinney (Retired) delivered the opinion of the Court.

On November 14, 1942, plaintiff in error was convicted of murder in the first degree, his punishment being fixed at twenty-one years' confinement in the penitentiary. His motion for a new trial was overruled and judgment entered upon the verdict of the jury, from which an appeal was prayed and granted to this court, and the record was filed with the clerk of this court at Knoxville on December 28, 1942.

The motion of plaintiff in error to be released from custody, pending his appeal upon executing bail bond, was overruled by the trial court. The case is now before this court upon the petition of plaintiff in error in which he prays that an order be entered admitting him to bail.

Counsel for plaintiff in error invokes Article 1, Section 15 of the State Constitution, which provides: "That all prisoners shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident or the presumption great."

This provision of the Constitution was construed in *Butt* v. *State,* 131 Tenn., 415, 420, 175 S. W., 529, 530, in which it was said: "While the right in the prisoner, so convicted, to demand bail under the constitutional guaranty is lost after conviction, the common-law power in the court to admit to bail in its discretion yet exists; but it is one, in felony cases, especially of this grade,

that is always to be exercised with great caution. 3. R. C. L., 15; *Ford* v. *State,* 42 Neb., 418, 60 N. W., 960.''

In that case the prisoner had been convicted of murder in the first degree with life imprisonment.

The authorities are almost unanimous in holding that the constitutional guaranty of bail is lost after conviction. 6 Am. Jur., 61; 8 C. J. S., Bail, section 36, pages 68, 69. Annotation: 19 A. L. R., 807, and 77 A. L. R., 1235.

The only question for consideration, therefore, is whether this is a proper case for this court, in its discretion, to admit the prisoner to bail. The trial court held that it was not such a case, and there is nothing in the petition to indicate or suggest an abuse of discretion by the trial court.

It follows that the petition will be dismissed.