237 S.W.2d 8 (1950)
GOINS et al.
v.
STATE.
Supreme Court of Tennessee.
October 31, 1950.
Second Opinion filed March 9, 1951.
*9 T. O. Jewell, W.N. Dietzen and E.B. Baker, all of Chattanooga, for plaintiff in error.
Nat Tipton, Asst. Atty. Gen., for the State.
NEIL, Chief Justice.
Pending an appeal from a conviction of burglary and the possession of burglar's tools, the plaintiffs in error petitioned this Court for a supersedeas to set aside the action of the trial judge in refusing them bail. The Court reserved taking any action on the petition until the filing of the record since a proper adjudication could not be made until the facts have been fully considered. The trial judge gave no reason for denying bail to the petitioners.
*10 The plaintiffs in error offered no evidence to establish their innocence. The record which is now before us shows without dispute that Goins was the instigator of the crime; he contacted one, "Buck" Smith, who was employed by the owner of the burglarized store, and proposed that if he would let him and associates into the store they would open the safe and divide the money. The men had several conversations about it, at the instance of Goins. Smith at first thought it was a joke, but finally agreed to leave the doors unlocked and thus admit Goins and party so that they might rob the safe. Smith at once reported the contemplated robbery to his employer, Mr. Bostain, who in turn notified the Chattanooga police. Upon receiving this information the police stationed themselves in the building and awaited the arrival of the burglars. The first night the robbers did not appear; the second night they did appear. About midnight, Walter Goins, Charles West and Paul Smith entered the building. Realizing that they were caught in the act one of them, Paul Smith, fired his pistol at Officer Taylor who returned the fire, resulting in Smith's being killed. Another of the robbers, Charles West, fled and hid in a large ice box; he had in his possession a sack of "burglar's tools."
The petitioners concede that following a conviction of a felony they are not entitled to bail as a matter of right. Hicks v. State, 179 Tenn. 601, 168 S.W.2d 781; and Butt v. State, 131 Tenn. 415, 175 S.W. 529. In other words the constitutional right to bail is lost after conviction. Whether or not bail should be allowed is a matter resting within the sound discretion of the trial judge. In Butt v. State, supra, the defendant was convicted of murder in the first degree with "mitigating circumstances" with a sentence to life imprisonment. In the Hicks case the defendant was also convicted of murder in the first degree, his punishment being fixed at twenty-one (21) years in the penitentiary.
The common law power of the court to grant bail is confined to felony cases and should be always exercised with great caution. It cannot be doubted that "if an appeal is captious and obviously filed for the purpose of delay or other like reasons then the trial court would be justified in denying bail pending the appeal." The right to bail in the case at bar is grounded upon the contention that bail should not be denied where "the appeal involves a substantial question which should be determined by the Appellate Court"; 18 U.S.C.A. Section 688; see Section 3772 of the Revised Code, also Rule 46 (a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., that such a rule is observed in the United States Courts and should be decisive of the question of "discretion" in the courts of this State.
Conceding, but not deciding, that the "Federal Rule" is a sound one, the question of whether an appeal raises "a substantial question" should not be left alone to plaintiff in error or his counsel. The vital question in determining the matter of discretion should be the nature of the charge against the accused, and, following conviction, whether or not it would be safe for him to be at large. The right of a convicted felon to bail is subordinate to the public peace and the wellbeing of society. We think the "Federal Rule" is generally followed by most, if not all, of the trial courts in this State. But should the rule hold true in every case? We think not. The "substantial question" made by appellant may exist only in the fertile imagination of counsel. Moreover the ruling of the trial judge upon every question is presumed to be correct in the absence of any showing that it was arbitrarily and capriciously made. The term "discretion", as used in our decisions, is incapable of being defined so that it could be applied to every situation. Of course it has reference to judicial discretion as distinguished from an act that is arbitrary and capricious. In all cases the burden is upon the accused to point out wherein the court has abused his discretion in refusing bail pending an appeal.
We confine our ruling to the facts shown in the record now before us in determining if the trial judge abused his discretion in refusing bail. Pretermitting *11 for the present the question of whether or not these petitioners are guilty of burglary, it is not denied that they were potential murderers. They were ready to kill any and all persons who dared to interfere with their criminal conspiracy.
In these circumstances it was not an abuse of discretion to deny them bail.
All concur.

On the Merits
At a former hearing of this cause the Court passed upon the question of bail pending appeal, reserving for future consideration the assignment of error that the facts did not disclose that the crime of burglary had been committed.
Coming now to the only assignment of error, that the plaintiffs in error are not guilty of the crime of burglary under the undisputed facts because the entry to the storehouse of the prosecutor was at the latter's invitation. On the brief of able counsel for these appellants there appears the question: "Is a person guilty of Burglary when he is invited by the manager to enter the premises?" We have no case in this State which provides us with the correct answer. Contention is made that the controlling rule of law is stated in Wharton's Criminal Law, Vol. 2, page 1284, as follows: "If a servant, with his master's assent, pretend to agree with a robber, and open the door and let the latter in, this, as has been already seen is no burglary. Where the owner voluntarily assents to the entrance, this is a defense". The foregoing general statement of the law is supported by many English and American cases. It cannot be doubted that where the owner of a building invites another to enter for a lawful purpose, making the keys available for a peaceable entry, and a felony is committed, it is no burglary.
In a number of cases the courts undertake to apply the maxim "Volenti non fit injuria", which in the instant case can have no application because the owner did not consent to have his store burglarized. He did nothing to encourage the commission of this crime. There was at most only a tacit understanding that he would not hinder the defendants in the execution of their conspiracy to rob the store.
The question posed by counsel does not admit any qualification whatever. No consideration is given as to when, where, or in whose mind, the crime had its origin. The record shows without dispute that the defendant, Walter Goins, visited the owner's night manager, one Vance Edward Smith, on two different occasions and disclosed his scheme to rob the store. Smith was given definite and detailed instructions; accordingly the doors to the building were left unlocked so that Goins and associates in the crime could enter. The defendants had made every preparation to commit the crime. Paul Smith, who was killed in the store by Officer Taylor, had armed himself with a .45 caliber automatic pistol, and West had procured a sack of burglar's tools with which an entry was to be made and the safe broken open. It is conclusively shown that the three men had planned the robbery long before Goins contacted "Buck" Smith with the intention of securing his co-operation. The owner, Mr. Bostain, upon being advised of the contemplated robbery merely notified the Chattanooga police and they proceeded to occupy the property and arrest the thieves upon their entry into the building.
The case at bar is clearly distinguishable from the cases cited in support of the rule from Wharton's Criminal Law, supra. The authorities generally hold that there can be no conviction of the crime of burglary where the owner, by word or act, has encouraged or induced the commission of the crime. But the contrary is true where the owner has done nothing that might be considered as an inducement to the crime. State v. Abley, 109 Iowa 61, 80 N.W. 225, 46 L.R.A. 862, 77 Am.St.Rep. 520.
In 86 A.L.R. 264, the annotator makes the following statement:
"(Supplementing annotations in 18 A.L.R. 146, and 66 A.L.R. 479.)
*12 "As is stated in the earlier annotations, it appears to be the general rule, in the class of cases where the doing of a particular act is a crime regardless of the consent of anyone, that if the criminal intent originates in the mind of the accused, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. The purpose of the detective or governmental agent is not to solicit the commission of, not to create, an offense, but to ascertain if the accused is engaged in an unlawful business, or to entrap the defendant in the act of committing an offense which he has reasonable grounds to believe the accused has commenced, or is about to commence."
The foregoing general rule seems to be supported by the great weight of authority. It finds support in our own decisions as well. Dodge v. Brittain, 19 Tenn. 84, and Sanders v. State, 2 Shannon's Cases 606. In each of these cases (as pointed out by the State's counsel) it is held that where the felonious design originates with the party charged with the crime it is no defense that the servant of the master pretended to collaborate with him in the commission of the principal felony.
The defense of entrapment is not recognized in this State, Thomas v. State, 182 Tenn. 380, 187 S.W.2d 529. The contention of appellants' counsel that the opening of an unlocked door does not constitute a breaking is not supported by the weight of authority. See case note to 23 A.L.R. 112, also Claiborne v. State, 113 Tenn. 261, 83 S.W. 352, 68 L.R.A. 859, and cases cited in that opinion. The proof in the instant case conclusively shows that there were two screen doors with a spring to pull them to so that it was necessary that some force be used to effect an entrance, also the back wooden doors were closed but left unlocked. The appellants were heard by police officers as they were opening the doors above described.
The assignments of error are overruled, and the judgment of the trial court is affirmed.
All concur.