Stephen B. SWAIN, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Sept. 15, 1975.

Joel Kachinsky, Summertown, for petitioner.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

WILLIAM M. LEECH, Special Justice.

A petition for certiorari and supersedeas was filed by the defendant, Stephen B. Swain, hereinafter referred to as petitioner, to review the action of the Circuit Court for Bedford County, Tennessee, in denying petitioner bail pending an appeal from a conviction for selling phencyclidine, a controlled substance, in violation of Section 52–1432(a)(1).

The petitioner entered a plea of guilty to the above charged offense on March 28, 1975, and the judgment of the court was that he be confined in the state penitentiary for not less than three (3) nor more than three (3) years. On April 4, 1975, a motion for a new trial was filed on the grounds that the facts and circumstances surrounding the arrest indicated that there was a casual exchange of a small amount of a controlled substance among individuals and that the controlled substance was not possessed for the purpose of selling or otherwise dispensing in violation of Section 52–1432(a)(1) Tennessee Code Annotated. The motion for a new trial was denied, to which action of the trial judge in denying the motion for a new trial, petitioner excepted and prayed an appeal to the Court of Criminal Appeals, which was granted. Petitioner then moved to be allowed bail pending the appeal, which motion was denied because of the enactment by the Legislature of Chapter 734, Public Acts of 1974, which amended Section 40–3406 Tennessee Code Annotated by adding the following paragraph at the end thereof.

"Bail shall not be set by the trial court in cases arising out of conviction for violation of § 52–1432(a)(1) of Tennessee Code Annotated."

The assignment of error in the petition is as follows:

"The Court erred when it revoked bond and refused to set bail pending appeal, as the portions of sections 40–1204 and 40–3406 of *Tennessee Code Annotated* that deprive the trial judge of the power he has in all other felony convictions to admit bail violate the Fifth and Fourteenth Amendments of the United States Constitution which guarantee due process of law and equal protection of the laws."

Prior to the enactment of Chapter 734, Acts of 1974, the setting of bail in felony cases was discretionary with the trial judge under Section 40–3406 Tennessee Code Annotated, and by the above assignment of error it is the theory of petitioner that the amendment of 1974 is class legislation and therefore violates the due process and equal protection guaranteed by both the Constitution of the United States and the State of Tennessee.

In Tennessee it has for many years been recognized that the constitutional guarantee of bail exists only for criminal defendants before conviction. See *Butt v. State,* 131 Tenn. 415, 175 S.W. 529 (1914); *Hicks v. State,* 179 Tenn. 601, 168 S.W.2d 781 (1943); *Coins v. State,* 192 Tenn. 32, 237 S.W.2d 8 (1950); *State v. Newell,* 216 Tenn. 284, 391 S.W.2d 667 (1965).

Likewise, there is no Federal guarantee of bail after conviction. See: *United States, ex rel. Fink v. Heyd,* 408 F.2d 7 (5th Cir. 1969); *Sibron v. State of New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

The main thrust of the petition is that the 1974 Amendment to Section 40–3406 Tennessee Code Annotated is an unreasonable and arbitrary classification by depriving the trial judge of discretion in admitting to bail pending appeal those defendants convicted of violating Section 52–1432(a)(1) Tennessee Code Annotated, while allowing discretion in all other felony cases. The denial of bail under the Amendment applies to *all* defendants convicted of selling controlled substances, and is therefore uni-

form and equal to *all* persons falling within that class of offenders.

In *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955) the United States Supreme Court said:

"But the law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it.

"The day is gone when this Court uses the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought."

The Court went further to say:

"The legislature may select one phase of one field and apply a remedy there, neglecting the others . . . The prohibition of the Equal Protection Clause goes no further than the invidious discrimination."

The 1974 Amendment must be read in pari materia with Chapter 163, Public Acts of 1971, entitled Tennessee Drug Control Law.

A defendant convicted of unlawful possession of heroin under New York Criminal Procedure Law, Section 530.50 cannot be admitted to bail. See *Sibron v. New York, supra.*

In Louisiana a defendant who is sentenced to five (5) years or more is ineligible to bail pending appeal. See *Fink v. Heyde, supra.*

In enacting the Drug Control Law of 1971, the Legislature no doubt considered the cause-and-effect relationship between drug pushing and the tremendous increase of all types of offenses against society. It has been held that engaging in narcotics traffic and a conviction for conspiracy to deal in and distribute heroin warrants a

finding that the defendant is a "danger to the community", see *U. S. v. Erwing,* 280 F.Supp. 814 (N.D.Cal.1968).

In *Gaskin v. State,* 490 S.W.2d 521 (Tenn. 1972) this Court upheld the constitutionality of Chapter 163, Public Acts 1971 and on page 525 said:

"In enacting the statute before us the General Assembly acted in the exercise of its police power to preserve the safety and morals of the public."

The burden of showing that a statute is an unreasonable classification is on petitioner and if a reasonable basis exists for the classification, or if it is a fairly debatable question, the legislation will be upheld. See *Estrin v. Moss,* 221 Tenn. 657, 430 S.W.2d 345 (1968); *Phillips v. State,* 202 Tenn. 402, 304 S.W.2d 614 (1957).

The petition is denied. The costs are adjudged against petitioner, Stephen B. Swain.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.

FONES, C. J., not participating.