IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2025

**KEENAN ALEXANDER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Fayette County**
**No. 22-CR-141   J. Weber McGraw, Judge**

_____

**No. W2025-00057-CCA-R3-PC**

_____

The Petitioner, Keenan Alexander, appeals from the Fayette County Circuit Court's denial of post-conviction relief from the Petitioner's jury-trial convictions for misdemeanor possession of marijuana, unlawful possession of a firearm by a convicted felon, possession of drug paraphernalia, speeding, and failing to maintain financial responsibility and his effective two-year sentence. On appeal, the Petitioner contends that the post-conviction court erred by denying relief on his ineffective assistance of counsel claim. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Bo Burk, District Public Defender; and Terry Dycus, Assistant District Public Defender, for the appellant, Keenan Alexander.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Mark Davidson, District Attorney General; and Erik Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to a May 2, 2022 traffic stop of the Defendant's Jeep. The trial evidence showed that the traffic stop occurred after the Jeep exceeded the posted speed limit, and during the traffic stop, the officer smelled what he believed was marijuana. The Petitioner admitted that he possessed a small amount of marijuana, and marijuana, scales, and a firearm were seized after a search of the Jeep. The Petitioner did not have proof of insurance, and he had a previous robbery conviction. The record does not contain the indictment and only contains the judgment form in connection with the

conviction for unlawful possession of a firearm by a convicted felon.[1]  However, the sentencing hearing transcript and the post-conviction court's order denying relief reflect that a jury found the Petitioner guilty of misdemeanor possession of marijuana, unlawful possession of a firearm by a convicted felon, possession of drug paraphernalia, speeding, and failure to maintain financial responsibility.  The trial court imposed concurrent sentences of eleven months, twenty-nine days for the possession of marijuana and drug paraphernalia convictions and two years for the unlawful possession of a firearm conviction.  The court imposed fines and court costs for the speeding and failure to maintain financial responsibility convictions.  The judgment form for the unlawful possession of a firearm conviction reflects an entry date of November 13, 2023.  The Petitioner did not appeal his convictions and sentences.

On August 12, 2024, the Petitioner filed a timely pro se petition for post-conviction relief, alleging, in relevant part, that he received the ineffective assistance of trial counsel.  He argued that counsel abandoned his representation by failing to file a notice of appeal and that counsel advised him there were not "any issues worth appealing."  The Petitioner, likewise, argued that counsel failed to challenge the sufficiency of the evidence on the basis of whether the Petitioner had constructive possession of the firearm found inside the Jeep.  He argued that the State's evidence did not include his fingerprints on the firearm or "any other [indicia] proving [he] had constructive possession or control of the firearm."  The Petitioner also alleged that counsel failed to file motions to suppress and to dismiss and that counsel deceived him when counsel said there were no worthy appellate issues.

On September 4, 2024, post-conviction counsel filed an amended petition for relief, which raised additional allegations of ineffective assistance of trial counsel.  The petition alleged that counsel failed to request an appeal bond, failed to file an appeal, failed to stipulate that the Petitioner had a previous felony conviction to prevent the jury from learning the conviction was for robbery, and failed to argue that the Petitioner should have been required to serve his sentence at the jail, rather than the Tennessee Department of Correction (TDOC), pursuant to Tennessee Code Annotated section 40-35-104.

At the December 12, 2024 post-conviction hearing, the Petitioner testified that trial counsel did not represent him in the general sessions court but that counsel knew of the State's plea offer of two years for felony drug possession in exchange for a dismissal of the firearm-related charge.  The Petitioner said he told "them" that he did not know anything about the firearm and that the drugs were for his personal use.  He said that the

_____

[1] *See* T.R.A.P. 24(b); *see also State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (The Petitioner has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal.); *State v. Stack*, 682 S.W.3d 866, 876 (Tenn. Crim. App. 2023).

only reason he did not accept the offer was because "they tried to put another felony" on his record, even though he had not been convicted of a felony since age seventeen. The Petitioner said that after he was indicted, he retained an attorney, who did not inform him of a court date, and that as a result, the United States Marshals Service arrested him for failure to appear in court. The Petitioner said that his father later retained trial counsel and that the Petitioner was permitted to post another bond pending trial.

The Petitioner testified that he and trial counsel met twice at counsel's office before the trial and that the meetings lasted ten to fifteen minutes. He said they also met at the justice complex at court appearances. The Petitioner said that they did not discuss the benefits and pitfalls of his testifying at the trial. He acknowledged a signed document stating that he did not want to testify but said that he and counsel did not review it. The Petitioner said that he told the trial court that he did not want to testify because he was not "prepared." He said he told counsel that he needed more time to prepare for the trial but that counsel wanted to proceed. The Petitioner said that counsel scheduled the sentencing hearing as quickly as possible because counsel said that "he had something to do or something like that."

The Petitioner testified that he asked trial counsel to file a motion to suppress the firearm because it belonged to his then-girlfriend, Shieniece Thomas, but that counsel said he could not seek to suppress the firearm, even though it was undisputed that Ms. Thomas purchased and owned it. He said that he never touched the firearm and that his fingerprints and DNA would not have been on it. The Petitioner said that the firearm was not analyzed for fingerprints and that counsel should have explored the issue. The Petitioner said he also asked counsel to move to suppress the marijuana because hemp and marijuana had an indistinguishable odor but acknowledged that the supreme court later determined a search was permissible based upon odor, regardless of whether the odor was hemp or marijuana. The Petitioner said that counsel did not request additional money to file any pretrial motions and that his father paid counsel about $5,000.

The Petitioner testified that he and Ms. Thomas met together with trial counsel at the justice complex at court appearances. The Petitioner said that counsel did not prepare Ms. Thomas to testify at the trial and that she "just kind of winged it" when called to testify for the defense.

The Petitioner testified that he and trial counsel did not meet between the trial and the sentencing hearing. The Petitioner said that before he testified at the sentencing hearing, counsel told him that he would receive probation but that after he testified, counsel said he would receive a two-year sentence. He said that after the trial court imposed a two-year sentence and he left the courtroom, he never spoke to counsel again. The Petitioner said that his grandmother and aunt asked counsel to file an appeal but that counsel declined. The Petitioner said that he spoke to counsel by telephone but that he "never got one."

The Petitioner testified that the sentencing hearing was overwhelming because he thought he would receive probation. He said that counsel never requested an appeal bond to stay the execution of his sentence pending an appeal. He said that he went into custody after the sentencing hearing, that he served two months in the jail, and that he was transferred to the TDOC, although he did not understand why because he did not have any disciplinary infractions or any "holds."

The Petitioner testified that he wanted to appeal his convictions because he thought the evidence was insufficient to support his convictions because (1) the marijuana was for personal use, (2) Ms. Thomas placed her firearm inside the Jeep, (3) he never touched the firearm, and (4) he did not know the firearm was inside the Jeep. The Petitioner said that he and counsel did not discuss the closing argument and that counsel's argument was "lackadaisical," indefinite, and failed to capture the jurors' attention. The Petitioner blamed counsel's poor argument on counsel's lack of preparation.

The Petitioner testified that when he asked trial counsel about an appeal, counsel told him that counsel "beat the big charge," that the Petitioner "should just take that," and that the Petitioner would be released in seven months. The Petitioner acknowledged that the jury acquitted him of possession of a firearm during the commission of a dangerous felony and recalled that the police officer testified that the firearm did not have a bullet in the chamber and that the Petitioner told the officer he was going to his cousin's basketball game. The Petitioner said that he had not been engaged in felonious conduct. The Petitioner said that, as a result, the acquittal was the result of the State's lack of evidence, not counsel's efforts. The Petitioner said that he possessed about two ounces of marijuana and that he did not have car insurance at the time of the traffic stop.

The parties stipulated that trial counsel's license to practice law was suspended for two years by the Tennessee Board of Professional Responsibility (BPR). The BPR's August 14, 2024 Release of Information document was received as an exhibit, which showed that trial counsel was suspended from the practice of law for four years, with the first two years on active suspension. The Release of Information reflected that the suspension was based upon counsel's failures to communicate reasonably with his clients, diligently perform work necessary to the representation, maintain client funds in a trust account, maintain accurate accounting records, return unearned client fees, conclude properly his representation of clients, and respond to requests for information from the Board.

The Petitioner testified that in August, he filed a complaint against trial counsel with the BPR before learning of counsel's suspension. The Petitioner said that he received a letter from the BPR telling him to communicate with counsel and that the BPR sent him extensive paperwork. The Petitioner said that he did not reach counsel to discuss an appeal

and an appeal bond. The Petitioner said that counsel never told him that the initial retainer fee did not include an appeal.

On cross-examination, the Petitioner testified that he was "maliciously prosecuted" because he was sentenced to confinement, rather than to an alternative sentence, and because the prosecutor told the jury during closing argument "to go by a theory and not facts to find [him] guilty." The Petitioner agreed that trial counsel questioned the police officers about the lack of a fingerprint analysis on the firearm and argued during closing that the jurors should consider this during deliberations.

The Petitioner testified that trial counsel and the prosecutor were involved in a conspiracy because counsel knew the sentence the trial court would impose before the court announced the sentence. The Petitioner said that, initially, counsel stated he would receive probation and that the presentence investigator recommended probation. The Petitioner said, though, that when he was in the bathroom before the court imposed the sentence, counsel came inside and told him that he was going to receive a two-year sentence at 85% service.

The Petitioner testified that at the trial, trial counsel argued that the firearm belonged to someone else and did not belong to the Petitioner and that counsel presented Ms. Thomas as a witness, who testified that she owned the firearm. The Petitioner said, though, that on cross-examination, the prosecutor asked for Ms. Thomas's "gun papers," which she did not have at the trial. He said that the prosecutor also asked Ms. Thomas why she had not claimed the firearm before the trial and that Ms. Thomas testified that she was not permitted to claim it before the trial. When asked if it was undisputed who owned and purchased the firearm, the Petitioner said that the prosecutor told the jury that "maybe she bought the gun, maybe she didn't." The Petitioner said the prosecutor presented many theories during closing argument that implied that the jurors could not know who owned and purchased the firearm.

The Petitioner testified that he and trial counsel met at counsel's office twice and that they discussed the case and an eight-year plea offer, which the Petitioner rejected, in part, because he previously received an offer for two years' probation in the general sessions court. He agreed that during counsel's representation, he was able to post a pretrial bond. The Petitioner said that counsel was difficult to contact and that he attempted to contact counsel frequently. The Petitioner acknowledged that he did not know the extent of counsel's trial preparation. The Petitioner said that the original trial date, which was continued, was scheduled a couple of days before the trial began and that he and counsel spoke during this time.

-5-

The Petitioner testified that during a trial recess, the trial court allowed him and trial counsel to discuss whether the Petitioner would testify. The Petitioner acknowledged that he told the court that he did not want to testify. The Petitioner said that although he and counsel discussed filing a motion to suppress the firearm, counsel said that it was too late to file it and that the Petitioner should have accepted the two-year plea offer in the general sessions court. The Petitioner said that he did not sell marijuana, that he would not enter a guilty plea in which he agreed that he sold marijuana, and that the offer included dismissing the firearm-related charge.

The Petitioner testified that trial counsel did not argue in support of probation at the sentencing hearing and that counsel only requested that the trial court impose a one-year sentence in confinement. The Petitioner said he did not dispute the contents of the sentencing hearing transcript, if it reflected that counsel requested alternative sentencing. The Petitioner said that he merely answered the questions posed to him at the sentencing hearing and that he did not understand at the time that he could have addressed the court.

The Petitioner testified that after he learned trial counsel would not file an appeal, he was in confinement and did not have access to the law library. He said that he spoke to an attorney about an appeal but that the attorney wanted too much money and that "it was too late, I probably did it in thirty days or something and I couldn't appeal no more." The Petitioner said that he did not know the process to file an appeal and that he "never gave up any of my rights and that's one of my rights that I was deprived of." The Petitioner said that pursuant to statute, he was not supposed to serve his two-year sentence in the TDOC.

On redirect examination, the Petitioner identified a firearms transaction record. The record was received as an exhibit, which reflected that Ms. Thomas purchased a nine-millimeter Ruger from Bass Pro Shops Outdoor World on May 24, 2021. The Petitioner said that the record showed Ms. Thomas purchased the firearm at Bass Pro Shops and that trial counsel should have introduced the record to bolster her testimony when the prosecutor questioned her credibility on this point. The Petitioner noted that the firearm was found under the passenger seat and said that he did not have constructive possession of the firearm.

Sandra Lee, the Petitioner's grandmother, testified that the Petitioner lived with her at the time of sentencing and for most of his life, although he did not live with her at the time of his arrest. Ms. Lee stated that she had known trial counsel for years and that she and counsel discussed the Petitioner's case about one week after the Petitioner's sentencing hearing. She said that they discussed the Petitioner's desire to appeal and that counsel said he could not file an appeal "because it wouldn't do nothing but throw his sentences off" because an appeal took time. She said that counsel did not say "he needed more money" to file an appeal and that counsel did not want to file an appeal.

In its written order denying post-conviction relief, the post-conviction court determined that the Petitioner's allegations of ineffective assistance of counsel were related to trial counsel's failure to prepare for the trial, failure to meet with the Petitioner sufficiently, and failure to file any pretrial motions. The court found that counsel did not testify at the evidentiary hearing, despite efforts to contact and to subpoena counsel. The court found that counsel was suspended from the practice of law.

In connection with a motion to suppress evidence, the post-conviction court found that the Petitioner did not present any proof regarding the validity of a motion to suppress or any proof showing the likelihood of success if a motion had been filed. The court found that although the Petitioner and counsel met twice at counsel's office before the trial, the Petitioner was released on bond pending trial and "had the ability to schedule appointments" with counsel if the Petitioner "wished." The court found that although the Petitioner testified that the State failed to provide exculpatory evidence, he did not articulate what evidence was withheld. The court found that although the Petitioner testified that his defense was prejudiced because the State did not obtain fingerprint evidence from the firearm, counsel argued to the jurors that a fingerprint analysis should have been conducted.

The post-conviction court found that the jurors were presented with evidence that the firearm belonged to Ms. Thomas, based upon her trial testimony, but that the jurors rejected the argument that the Petitioner did not possess the firearm because someone else owned it at the time of the traffic stop. The court found that counsel presented the defense witnesses requested by the Petitioner. The court noted that the Petitioner was acquitted of employing a firearm during the commission of a dangerous felony and that the jury found the Petitioner guilty of misdemeanor drug possession as a lesser included offense of possession with the intent to deliver or to sell a controlled substance. The court acknowledged the suspension of counsel's law license involving other clients but determined that counsel did not provide ineffective assistance during the Petitioner's trial.

The post-conviction court found that the Petitioner's allegations that trial counsel was "derelict" in his representation at the sentencing hearing and that the Petitioner should have received probation were without merit. The court, likewise, found that counsel told the Petitioner that counsel would not file an appeal and that the Petitioner did not pursue further representation to file an appeal. The court determined that the Petitioner failed to show that counsel provided deficient performance or that the defense was prejudiced by counsel's performance. The court determined that counsel provided adequate assistance by meeting with the Petitioner and by discussing possible defenses and plea negotiations. The court found that counsel explained to the Petitioner "the difficulty of a trial based on the facts" of the case. The court found that counsel presented a reasonable defense, which was, at least in part, rejected by the jury. This appeal followed.

The Petitioner contends that the post-conviction court erred by denying relief on his ineffective assistance of counsel allegations. He focuses on trial counsel's alleged failures to attempt to suppress evidence, to prepare Ms. Thomas adequately to testify, and to request an appeal bond. The State responds that the court did not err by denying relief.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## A.     Suppression of Evidence

The Petitioner asserts that trial counsel provided ineffective assistance by failing to seek suppression of prejudicial evidence that could have been excluded if counsel had filed a motion. Although he does not identify the specific evidence in his appellate brief, we infer from the Petitioner's testimony that this issue centers around the firearm, as the Petitioner admitted to possessing the marijuana for personal use, and the jury convicted him of misdemeanor drug possession. The State responds that the Petitioner failed to establish his claim by clear and convincing evidence and that counsel reasonably decided not to file a meritless motion.

The record reflects that trial counsel did not testify at the post-conviction hearing. This court will not speculate about the nature of any evidence which was not presented at the post-conviction hearing. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). As a result, the record is absent of any evidence regarding trial counsel's reasoning for not filing a motion to suppress evidence. Further, the Petitioner did not present evidence at the evidentiary hearing showing that a motion to suppress would have been successful. *See Phillips v. State*, 647 S.W.3d 389, 404 (Tenn. 2022). The trial evidence showed that the Petitioner's Jeep was stopped by the police for speeding, that the officer smelled marijuana coming from inside the car, and that the Petitioner admitted to possessing a small amount of marijuana, which provided probable cause to search the vehicle. "The 'automobile exception' to the warrant requirement permits an officer to search an automobile if the officer has probable cause to believe that the automobile contains contraband." *State v. Green*, 697 S.W.3d 634, 641 (Tenn. 2024) (quoting *State v. Saine*, 297 S.W.3d 199, 207 (Tenn. 2009)); s*ee Carroll v. United States*, 267 U.S. 132, 149 (1925). As a result, the Petitioner failed to meet his burden by clear and convincing evidence. The record does not preponderate against the post-conviction court's determination that the Petitioner failed to establish that trial counsel provided deficient performance resulting in prejudice. The trial court did not err by denying relief. The Petitioner is not entitled to relief on this basis.

## B.     Ms. Thomas's Trial Testimony

The Petitioner asserts that trial counsel provided ineffective assistance by failing to prepare Ms. Thomas adequately to testify at the trial. The Petitioner argues that Ms. Thomas's testimony was disorganized, contradictory, and confusing, which demonstrated a lack of witness preparation, and that her testimony could have supported the defense's theory if presented clearly to the jury. The State responds that the Petitioner has waived appellate consideration of this issue because he did not raise it in the petitions for relief.

Although the State concedes that the issue was raised at the evidentiary hearing, the post-conviction court did not address it in its order denying relief. The State argues, alternatively, that the Petitioner cannot establish his claim because Ms. Thomas and counsel did not testify at the evidentiary hearing.

The record reflects that although the Petitioner testified regarding Ms. Thomas's testimony regarding her ownership of the firearm found inside the Petitioner's Jeep, he did not raise an ineffective assistance of counsel allegation in his petitions for relief regarding counsel's alleged inadequate preparation for her testimony. Furthermore, counsel and Ms. Thomas were not witnesses at the evidentiary hearing, and the post-conviction court did not address the issue in its order denying relief. *See Black*, 794 S.W.2d at 757.

Our supreme court has determined that "issues not addressed in the post-conviction court will generally not be addressed on appeal" and that the plain error doctrine "may not be applied in post-conviction proceedings to grounds that would otherwise be deemed waived or previously determined." *Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005); *Grindstaff v. State*, 297 S.W.3d 208, 219 (Tenn. 2009). This court "may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection." *Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020). As a result, the Petitioner has waived appellate consideration of this allegation. He is not entitled to relief on this basis.

## C.     Appeal Bond

The Petitioner asserts that trial counsel provided ineffective assistance by failing to object to his being taken into custody after the trial, which denied the Petitioner "the opportunity to remain free pending post-trial options or appeal, further compounding the harm resulting from ineffective representation." The State responds that counsel's alleged failure to request an appeal bond is not a cognizable claim for post-conviction relief because the Petitioner did not have a constitutional right to bail after he was convicted and because an appeal bond does not impact the constitutionality of the Petitioner's convictions.

"[T]he constitutional guarantee of bail exists only for criminal defendants before conviction." *Swain v. State*, 527 S.W.2d 119, 120 (Tenn. 1975). However, following a conviction but before an appeal is initiated, a trial court may, at its discretion, order release of a defendant "pending further proceedings in a trial court or on direct appeal." Tenn. R. Crim. P. 32(d)(2)(A); *see* T.C.A. § 40-26-102 (2018) (bail pending appeal in felony cases); *see also State v. Sandra Davidson*, No. M2008-01260-CCA-R3-CD, 2009 WL 1162730, at *2 n.2 (Tenn. Crim. App. Apr. 30, 2009).

The record reflects that the post-conviction court did not address trial counsel's alleged failure to request an appeal bond after the sentencing hearing. The Petitioner was convicted of one felony and multiple misdemeanors and sentenced to two years' confinement. Upon conviction, though, the Petitioner was not constitutionally entitled to bail pending the outcome of an appeal. *See* T.C.A. § 40-26-102. We note that an appeal was not sought in this case, although the Petitioner testified that he wanted counsel to file an appeal.[2] In any event, counsel's alleged failure to request an appeal bond would not result in a void or voidable conviction or sentence due to the "abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." *Id*. § 40-30-103. The Petitioner was not constitutionally entitled to bond upon conviction, and the grant or denial of an appeal bond, even if it had been requested, would not have impacted the constitutionality of the Petitioner's convictions and sentences. The Petitioner's claim is not cognizable in this post-conviction case. The Petitioner is not entitled to relief on this basis.

In reaching the conclusion that the Petitioner is not entitled to relief, we have not overlooked the Petitioner's arguments that because the State failed to present trial counsel as a witness, the record does not contain evidence to refute the Petitioner's "claim of ineffective assistance of counsel," that the post-conviction court was prohibited from speculating about what counsel's testimony might have been, and that the State cannot show by clear and convincing evidence that counsel "did more than merely 'wing it' at trial." Although the Petitioner correctly notes that counsel did not testify and that, as a result, the court was not permitted to speculate about what counsel's testimony would have been, the Petitioner, not the State, had the burden of establishing his ineffective assistance of counsel allegations by clear and convincing evidence, regardless of whether trial counsel testified at the evidentiary hearing. *See id.* § 40-30-110(f).

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

s/**Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

---

[2] The Petitioner has not alleged in his appellate brief that trial counsel provided ineffective assistance by failing to appeal from the conviction proceedings and has not requested a delayed appeal. *See id.* § 40-30-113(a) (2018) (Post-conviction relief in the form of a delayed appeal is appropriate when a petitioner has been "denied the right to an appeal from the original conviction."); *see also* Tenn. Sup. Ct. R. 28, § 9(D)(1)(b); *State v. Evans*, 108 S.W.3d 231, 235-36 (Tenn. 2003). Tennessee Supreme Court Rule 28, section 9(D) permits a post-conviction court and this court to grant post-conviction relief in the form of a delayed appeal when a "petitioner, through no fault of his [or her] own, was denied second-tier review following [a] direct appeal." *Stokes v. State*, 146 S.W.3d 56, 59 (Tenn. 2004); *see Pinkston v. State*, 668 S.W.2d 676 (Tenn. Crim. App. 1984).