IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. PHILLIP WARREN TROTTER

**Circuit Court for Blount County**
**No. C-28555**

_____

**No. E2025-01200-CCA-R3-CD**

_____

### ORDER

A Blount County jury convicted the Defendant, Phillip Warren Trotter, of statutory rape by an authority figure, incest, attempted statutory rape by an authority figure, and attempted incest. The trial court imposed an effective sentence of twelve years' incarceration. On August 8, 2025, the Defendant filed a notice of appeal from the trial court's judgments. Thereafter, the Defendant filed a motion pursuant to Tennessee Rule of Appellate Procedure 8 seeking review of the trial court's order denying bail pending appeal. *See* Tenn. Code Ann. § 40-11-144. The State has filed a response in opposition to the motion. Upon full consideration of the motion, the response, and the applicable legal authority, the Defendant's motion is DENIED.

### FACTUAL BACKGROUND

Following the entry of the judgments of conviction, the Defendant filed a motion for new trial that was denied by the trial court on August 6, 2025. On August 8, 2025, the Defendant filed a notice of appeal in this court. On that same day, he filed in the trial court a motion to be released on bail pending appeal, arguing that he had successfully complied with all conditions of this release prior to trial while living in North Carolina, his criminal history is limited to only one misdemeanor conviction for driving while intoxicated, he is diabetic and requires treatment with a particular diet, and he, therefore, "has demonstrated that he is neither a flight risk nor a threat to the community." On August 11, 2025, the State filed a response in opposition to the Defendant's motion, asserting that the risk of flight increased following the Defendant's conviction because the Defendant will be required to serve one hundred percent of the twelve-year sentence if the judgments are affirmed on appeal, the Defendant has limited ties to Blount County other than the victim and her family, and the Defendant poses a danger to the community because he is a now registered sex offender.

At a hearing on August 13, 2025, the parties presented arguments in support of their pleadings, but neither presented any testimonial or documentary evidence in support of their arguments. At the conclusion of the hearing, the trial court denied the Defendant's motion for bail pending appeal, finding that the risk of flight weighed against granting bail now that the Defendant has been convicted and sentenced to a 12-year sentence to be served at one hundred percent. The trial court further found that the Defendant is a violent sexual offender by statute and, with such a designation, poses a danger to the community if he were to be granted bail pending appeal. A written order was filed on August 13, 2025, that succinctly denied the Defendant's motion without elaboration.

On August 26, 2025, the Defendant filed a motion for review of the trial court's order. Because the trial court's order did not contain a requisite statement of its reasons for denying bail, *see* Tennessee Rule of Appellate Procedure 8(a), this court remanded the matter to the trial court for the entry of an amended order stating the reasons for the trial court's decision. The amended order was received on September 23, 2025, and includes as an attachment a transcript of the August 13, 2025 bail hearing. On October 1, 2025, the State filed a response in opposition to the Defendant's motion.

**ANALYSIS**

Rule 8 of the Tennessee Rules of Appellate Procedure provides the procedural framework for obtaining appellate review of the trial court's actions regarding a defendant's release pending appeal. Tenn. Code Ann. § 40-11-144. As a prerequisite to this court's review, the trial court "shall state in writing the reasons for the action taken." Tenn. R. App. P. 8(a). Further, because generally there is no record on appeal when a defendant seeks review of a trial court's order denying bail pending appeal, it is a defendant's responsibility to provide this court with an *ad hoc* record of the proceedings below. To that end, a motion for review "shall be accompanied by a copy of the motion filed in the trial court, any answer in opposition thereto, and the trial court's written statement of reasons, and shall state: (1) the court that entered the order, (2) the date of the order, (3) the crime or crimes charged or of which defendant was convicted, (4) the amount of bail or other conditions of release, (5) the arguments supporting the motion, and (6) the relief sought." *Id.* Following this court's remanding this matter for the entry of an amended order, the Defendant's motion is now sufficient for this court's review.

Under Article I, section 15 of the Tennessee Constitution, the right to bail is lost upon conviction. *See State ex rel. Brown v. Newell*, 391 S.W.2d 667, 670 (Tenn. 1965); *Goins v. State*, 237 S.W.2d 8, 10 (Tenn. 1951); *Hicks v. State*, 168 S.W.2d 781, 782 (Tenn. 1943). Accordingly, "[a] convicted person is not constitutionally entitled to bail pending appeal." *Jones v. State*, 452 S.W.2d 361, 364 (Tenn. Crim. App. 1969). However, a trial

court has discretion to grant appearance bail pending appeal when the sentence involves confinement in the state penitentiary. *See* Tenn. Code Ann. § 40-26-102(a); *but see* Tenn. Code Ann. §40-11-113(a)(4) and (b) (listing circumstances, not applicable to the matter before the court, that require the trial court to "revoke bail immediately" following a conviction). In exercising its discretion to grant bail pending appeal, the trial court "shall . . . consider whether or not the defendant is likely to flee or pose a danger to any other person or to the community." Tenn. Code Ann. § 40-26-102(b).

Tennessee courts afford broad discretion to trial judges in setting bail. "The trial court has very wide latitude in setting bail," and appellate courts should be "most reluctant to second-guess" such determinations. *State v. Melson*, 638 S.W.2d 342, 358 (Tenn. 1982). An abuse of discretion occurs only when the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997). This standard represents "a less rigorous review" that does not permit substitution of this Court's judgment for that of the trial court. *State v. McCaleb*, 582 S.W.3d 179, 185 (Tenn. 2019) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)).

In his motion before this court, the Defendant argues that the trial court erred by denying his request for bail pending appeal because he "is not a risk to the public at large in that his prior criminal history was one misdemeanor DWI [and he] does not pose a risk to the victim in that for his time o[n] release he abided by the no contact order related to her and lives 400 miles away." The State asserts that the Defendant has failed to establish that the trial court committed an abuse of discretion in denying the motion for bail pending appeal and has presented no evidence from which this court could, on its own, determine an appropriate bail amount.

In its September 23, 2025 amended order, the trial court acknowledged that the Defendant did not violate the terms of his pretrial supervision. The court also noted, however, that the Defendant had resided in North Carolina and that his only ties to the community were his ownership of land next door to the victim and her family's home. In denying the Defendant's motion for bail pending appeal, the court opined

> The Court notes that oftentimes making a finding of flight risk is difficult inasmuch as the Court does not have the proverbial crystal ball to predict the future. However, the Defendant appears on this date not with the hope or possibility of acquittal but rather convictions and the reality of a 12-year sentence to serve at 100%. The Court finds those facts potentially challenge the motivation and assurances of the [D]efendant and gives that

weight but finds that alone would not suffice as the sole reason for the denial of bail.

The Court rather looks to the factor of danger to person or the community for additional findings. The conviction for Statutory Rape by and Authority Figure is classified as [a] "violent sexual offense" pursuant to statute and carries 100% release eligibility and lifetime sex offender registry. [The Defendant]'s convictions are of such a nature, that coupled with the mandatory classifications, unequivocally deem [the Defendant] a dangerous offender. Therefore, the Court finds specifically [that the Defendant] poses a danger and is not a good candidate for bail pending appeal.

Further, as previously mentioned, the evidentiary hearing consisted solely of the arguments of counsel and no testimonial or documentary evidence. This court has long warned that arguments of counsel are not evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). We cannot conclude that the trial court committed an abuse of discretion.

## CONCLUSION

Upon review of the Defendant's motion for review of the trial court's bail decision, the court concludes that the record establishes that that trial court considered the appropriate factors in determining whether to exercise its discretion in granting or denying bail pending appeal. The record does not show that the trial court abused its discretion in denying bail pending appeal pursuant to Code section 40-26-102(b). Accordingly, the Defendant's motion for review of bail is not well-taken and is, therefore, DENIED. This case shall now proceed in accordance with the appellate rules for adjudication of the appeal in due course.

JUDGE KYLE A. HIXSON
JUDGE TOM GREENHOLTZ
JUDGE STEVEN W. SWORD

- 4 -